[Cite as *State v. McGinnis*, 2017-Ohio-4028.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 16CA010952 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW MCGINNIS | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 13CR086717 |

DECISION AND JOURNAL ENTRY

Dated: May 30, 2017

TEODOSIO, Judge.

{¶1} Defendant-Appellant, Matthew McGinnis, appeals from his convictions in the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In November 2012, Mr. McGinnis was residing in an apartment with his four-year old son, a woman with whom he was romantically involved, and her two girls. At the time, the oldest girl was three years old and the youngest girl was one year old. The charges giving rise to this appeal stem from injuries that the one-year-old sustained while in Mr. McGinnis' care. Specifically, the one-year-old sustained buckle fractures in both legs at the tibias, a buckle fracture in her left arm at the ulna, and facial bruising. The medical expert who reviewed the child's records concluded that her injuries were inconsistent with accidental trauma. She also concluded that her injuries could not have been inflicted by another child.

{¶3} A grand jury indicted Mr. McGinnis on one count of felonious assault and two counts of child endangering. During discovery, Mr. McGinnis requested funds to retain a medical expert for the purpose of reviewing the victim's records and assisting the defense in its trial preparation. Although the trial court granted the request, the defense never retained an expert. The record reflects that the attorney who requested the funds withdrew from representation, and Mr. McGinnis' new attorney agreed to withdraw the request and proceed to trial. Following the trial, a jury found Mr. McGinnis guilty on all counts. The trial court then sentenced him to a total of two years in prison.

{¶4} Mr. McGinnis now appeals from his convictions and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE FAILURE OF DEFENSE COUNSEL TO OBTAIN AN EXPERT WITNESS DENIED THE APPELLANT THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

{¶5} In his sole assignment of error, Mr. McGinnis argues that he was denied the effective assistance of counsel because his counsel failed to obtain an expert to evaluate the victim's medical records and injuries. He argues that, had counsel done so, that expert may have reached a different opinion regarding the cause of the victim's injuries. For the reasons outlined below, we reject Mr. McGinnis' sole assignment of error.

{¶6} To prove ineffective assistance of counsel, Mr. McGinnis must establish that (1) his counsel's performance was deficient, and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice, he must prove that "there exists a reasonable probability that, were it not for counsel's [deficient

performance], the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. "A defendant * * * cannot establish ineffective assistance of counsel based upon his or her trial counsel's failure to obtain an expert witness when the defendant's argument is based 'entirely upon speculation that such a witness exists, and speculation as to what the testimony of such a witness would be.'" *State v. Moffett*, 9th Dist. Summit No. 28001, 2016-Ohio-5314, ¶ 10, quoting *State v. Jones*, 9th Dist. Summit No. 21448, 2003-Ohio-4518, ¶ 13.

{¶7} The argument that Mr. McGinnis advances in this matter is analogous to the argument the appellant set forth in *State v. Moffett*. There, Ms. Moffett argued that she received ineffective assistance of counsel because her attorney never secured a medical expert to refute the opinion of the State's medical experts and to provide an alternative theory for the cause of the minor victim's injuries. *Moffett* at ¶ 9-11. This Court rejected her argument because it was "based entirely upon speculation that a medical expert and/or expert in the field of childhood development would have provided relevant, favorable testimony on her behalf." *Id.* at ¶ 11. This Court concluded that Ms. Moffett had failed to establish prejudice. *Id.* We further concluded that, to the extent her argument depended upon evidence outside the record, "it [was] more appropriately reserved for a petition for post-conviction relief." *Id.*

{¶8} Much like Ms. Moffett, Mr. McGinnis argues that he received ineffective assistance of counsel because his counsel failed to obtain a medical expert to review the victim's medical records. He argues that, had his counsel done so, the expert "may [have had] a different opinion as to the cause of [the minor victim's] injuries." His argument, however, is "based entirely upon speculation that a medical expert and/or expert in the field * * * would have provided relevant, favorable testimony on [his] behalf." *Id.* As a result, Mr. McGinnis has not

demonstrated prejudice, and this Court must conclude that his argument lacks merit. *See id.* at ¶ 10, quoting *Jones* at ¶ 13. To the extent his argument depends upon evidence outside the record, "it is more appropriately reserved for a petition for post-conviction relief." *Moffett* at ¶ 11. Mr. McGinnis' sole assignment of error is overruled.

### III.

**{¶9}** Mr. McGinnis' sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

SEAN A. BORIS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and ELIZABETH LINDBERG, Assistant Prosecuting Attorney, for Appellee.